NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RECARDO TERRY,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

_____

2020-1604

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-19-0453-I-1.

_____

Decided: April 8, 2021

_____

DAVID BRANCH, Law Office of David A. Branch, Washington, DC, for petitioner.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, MATTHEW JUDE CARHART, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before PROST, *Chief Judge*, BRYSON and REYNA, *Circuit Judges*.

PER CURIAM.

Petitioner Recardo Terry appeals from a decision of the Merit Systems Protection Board upholding his removal from his position as an Information Technology Specialist with the U.S. Department of Agriculture ("USDA"). We affirm.

I

Mr. Terry was appointed to his position with the USDA on November 30, 2014. As an Information Technology Specialist, he had access to sensitive information. The agency accordingly classified his position as requiring a high degree of trustworthiness.

The Office of Personnel Management ("OPM") completed its background investigation of Mr. Terry on November 9, 2015, and forwarded its investigation report to the USDA for adjudication. The background report contained several areas of concern: a termination by a former employer that Mr. Terry had not disclosed at the time he was hired by the USDA, and evidence of financial irresponsibility.

The Personnel and Document Security Division of the USDA reviewed the background investigation report in early 2018. In the course of assessing the issue of financial responsibility, a USDA personnel security specialist noted that Mr. Terry had gone through bankruptcy in 2009 and that OPM's investigation had identified twelve unpaid debts, of which nine had been sent for collection and three had been charged off as uncollectable, *see* J.A. 186, 195. On April 24, 2018, the personnel security specialist sent a letter to Mr. Terry regarding those delinquent accounts, requesting that he respond to the letter within 30 days. J.A. 186. Mr. Terry did not respond to the letter, nor did he

respond to a follow-up email raising the same issue.  J.A. 163, 193, 195.

On May 30, 2018, the Personnel Security Branch of the USDA's Personnel and Document Security Division determined, based on the issues of financial irresponsibility raised by the investigation, that it could not make a favorable determination on Mr. Terry's eligibility to occupy a position designated as a moderate risk public trust level position.  J.A. 196.  The agency placed Mr. Terry on administrative leave as of June 15, 2018, due to the issues surrounding his background investigation.  J.A. 198.

In a letter sent to Mr. Terry on July 12, 2018, a USDA personnel security specialist inquired about Mr. Terry's 2011 termination by a prior employer, Dunbar Armor, and his failure to disclose that termination on the forms he completed at the time of his appointment to his USDA position. J.A. 201–02.  The two forms in question were Form SF-85P, which asked whether he had been fired from a job in the past seven years, J.A. 582, and Form OF-306, which asked whether he had been fired from any job for any reason during the past five years, J.A. 503.  Mr. Terry had answered "no" to both questions.  The July 12 letter noted that Mr. Terry had initially received unemployment benefits following his termination, but that those benefits had been rescinded when the state agency determined that he was ineligible for them because he had been fired from his job. *See* J.A. 202.

Mr. Terry submitted a written response to the July 12 letter.  In his response, he stated that he did not believe he had been fired by Dunbar Armor.  He acknowledged that he had repaid the unemployment benefits he had received, but he asserted that he had returned the funds because he believed he had been overpaid and was required to return the overpayment.  J.A. 204.

On July 31, 2018, the Personnel Security Branch of the USDA's Personnel and Document Security Division

decided it could not make a favorable determination of Mr. Terry's eligibility to occupy a position of public trust. That decision was based on Mr. Terry's "numerous delinquent financial liabilities that remain unresolved," including a judgment, and his "pattern of dishonesty and inability to provide truthful and accurate information." J.A. 206–07. The Personnel Security Branch referred the matter to USDA's Employee and Labor Relations Branch for possible adverse action.

Based on that determination, the USDA proposed to remove Mr. Terry for failure to satisfy a condition of his employment, i.e., receipt of a favorable adjudication of his background investigation. J.A. 163–67. Mr. Terry challenged his proposed removal before the agency, contending that the credit report referred to in the background investigation was out of date and that he had not been terminated from his prior employment. J.A. 128–32. After considering his response, USDA removed Mr. Terry for failure to satisfy a condition of his employment, which required that he obtain a favorable adjudication of his background investigation. J.A. 39–43.

On appeal to the Merit Systems Protection Board, Mr. Terry asserted that his history of unpaid debts did not support the agency's conclusion that he was financially irresponsible. He also denied that he was aware that he had been terminated by his former employer, Dunbar Armor.

The administrative judge who was assigned to the case found against Mr. Terry on both grounds. *Terry v. Dep't of Agric.*, No. DC-0752-19-0453-I-1, 2019 WL 6870313 (M.S.P.B. Dec. 12, 2019). The administrative judge found that Mr. Terry had several unpaid debts on his credit record. Mr. Terry had paid off two of those debts in 2016, the administrative judge found, but only after they were put into collection and only because he realized those debts would affect his ability to maintain his employment. The administrative judge did not credit Mr. Terry's assertion

that he did not believe he owed money to those creditors and that he resolved those debts as soon as he became aware of them.

As for two of the debts that had been charged off as uncollectable, Mr. Terry testified that those debts were not his, but were generated following an incident of identity theft. The administrative judge did not credit Mr. Terry's testimony with respect to those debts.

As for Mr. Terry's failure to disclose that he had been fired by Dunbar Armor in 2011, the administrative judge stated that she did not believe Mr. Terry's testimony that he was unaware that the company had fired him.

Because a favorably adjudicated background investigation was a condition of Mr. Terry's employment, the administrative judge found that there was a nexus between Mr. Terry's conduct and his employment and that the agency was therefore justified in removing him.

Mr. Terry appealed directly from the decision of the administrative judge to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703, and we review the administrative judge's factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

## II

In his petition for review to this court, Mr. Terry first argues that substantial evidence does not support the two grounds on which the USDA based its decision to remove him: financial irresponsibility and a false representation on two different employment forms that he had not been fired from a job within the previous five or seven years. We disagree.

With respect to the false representation, Mr. Terry testified that he did not believe he had been fired by Dunbar Armor and that his denial that he had been fired by a prior

employer thus did not constitute an intentional falsehood. The administrative judge did not believe that testimony.

Besides finding Mr. Terry's testimony not credible, the administrative judge noted that other evidence of record undermined Mr. Terry's version of events. That evidence included a written "notice of discharge" from Dunbar Armor, which Mr. Terry signed, and which stated that the reason for his discharge was "failed to follow company policy[.] Sleeping while on duty." J.A. 547.

The record also included a summons from the Maryland Department of Labor Licensing and Regulations, which had sued Mr. Terry to recover unemployment benefits that Mr. Terry unlawfully claimed after his termination. J.A. 703–06. The papers sent to Mr. Terry in connection with that suit included a decision by a state hearing examiner that noted that Mr. Terry was ineligible for unemployment benefits because he had been "discharged for gross misconduct." J.A. 707–08. Mr. Terry did not contest that finding, but repaid the unemployment benefits that had previously been granted. In light of the administrative judge's credibility finding and the documentary evidence indicating that Mr. Terry knew he had been fired by Dunbar Armor, the USDA's allegation of a false representation was plainly supported by substantial evidence.

With respect to the charge of financial irresponsibility, the administrative judge noted that in response to his proposed removal, Mr. Terry had sent the USDA a copy of his credit report as of May 1, 2018, which showed that some of the credit issues listed in his 2015 credit report had been resolved in 2016. Based in part on Mr. Terry's own testimony, the administrative judge found that when Mr. Terry was required to address his past debt as part of his background investigation, he made an effort to resolve his pending credit issues.

The administrative judge noted that two of the delinquent accounts had been "charged off," meaning that the creditor had determined that the debt was unrecoverable and had quit trying to collect it. As to those two accounts, Mr. Terry testified that the debts in question were not his, but had been generated as a result of an incident of identity theft. The administrative judge noted, however, that Mr. Terry offered no evidence that he reported an incident of identity theft, nor had he ever disputed the creditors' claims regarding the debts that were ultimately charged off. The administrative judge found that Mr. Terry's testimony about the identity theft was not credible and that the evidence supported the USDA's conclusion that Mr. Terry had failed to honor his just debts. In light of those findings, the administrative judge determined Mr. Terry was financially irresponsible.

We uphold the administrative judge's determination, which was based in part on her finding that Mr. Terry's explanations of his unpaid debts lacked credibility. As we have noted before, credibility determinations by administrative judges in proceedings before the Merit Systems Protection Board are "virtually unreviewable" on appeal. *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 n.1 (Fed. Cir. 2020); *King v. Dep't of Health & Hum. Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998); *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986). That is particularly true where, as here, the administrative judge's credibility assessment is corroborated by other evidence in the record. *See Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1375–76 (Fed. Cir. 2019); *see also Hillen v. Dep't of the Army*, 35 M.S.P.R. 453, 458 (1987).

Mr. Terry's second argument on appeal is that the delay between when he was hired and when he was removed was impermissibly long and that the charge against him was so stale that it was barred by laches. Before the administrative judge, Mr. Terry complained about the delay between the completion of OPM's investigation and

USDA's adjudication of the background investigation, but he did not raise laches as an affirmative defense.

Despite Mr. Terry's failure to raise the defense of laches, the administrative judge stated that she was "troubled by the delay." *Terry*, 2019 WL 6870313. Nonetheless, she found that the agency "adequately addressed the delay," as two witnesses from the agency's Personnel and Document Security Division testified that the three-year delay was "not extraordinary" because of the "substantial backlog of pending investigations [within the USDA] which has resulted in the delay." *Id.*

Mr. Terry argues that he suffers from memory loss and PTSD due to injuries incurred while he was in military service. For that reason, he contends, the agency's unreasonable delay in proposing his removal prejudiced him, as he had no recollection of certain matters that occurred several years earlier.

The administrative judge found that the delay was not so lengthy as to prejudice Mr. Terry. *Id.* at n.1. Mr. Terry's argument to the contrary is not convincing. While a delay such as the one in this case might be problematic if the case turned on small details that could reasonably slip from an employee's memory over a period of that length, it is not reasonable to suppose that such a delay would lead to a loss of memory regarding matters such as whether the person had been fired from a job. What is more, Mr. Terry's defense with regard to the debts reflected in his credit report did not turn on a lack of memory; he asserted instead that he had paid off several of the debts and that others were not his, but were attributable to identity theft. He has not suggested how his defenses to the debt-related allegations would have been strengthened if his proposed removal had occurred earlier than it did.

We therefore uphold the administrative judge's determination that the agency properly removed Mr. Terry for

failing to obtain a favorably adjudicated background investigation, a requirement of his position.

## AFFIRMED